COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

THE STATE OF TEXAS,
)
 No. 08-01-00081-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 409th District Court

)


CERJIO MARTINEZ,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 2000-0D0-4570)


MEMORANDUM OPINION



 This opinion is the latest in the continuing saga of confidential information about an ongoing
police investigation which was leaked to the local media. Deputy Chief Cerjio Martinez and
Assistant Chief George DeAngelis were considered possible suspects. A criminal investigation into
the leak itself focused on misuse of official information proscribed by Section 39.06 of the Texas
Penal Code. Neither Martinez nor DeAngelis was indicted for that offense. Instead, they were
indicted for aggravated perjury based on inconsistencies between sworn statements to the grand jury
and surreptitiously tape recorded conversations with El Paso Assistant City Attorney, Stephanie
Osburn. Prior to trial, Martinez sought suppression of his statement, which the trial court granted
based upon the State's failure to comply with Tex.Code Crim.Proc.Ann. art. 20.17 (Vernon Supp.
2003).

 The State filed an interlocutory appeal and we affirmed. State v. Martinez, 92 S.W.3d 10, 
(Tex.App.--El Paso 2001), rev'd, 1 S.W.3d 331 (Tex.Crim.App. 2002). We first expressed our
agreement with the trial court that the State had failed to substantially comply with Article 20.17. 
 Martinez, 92 S.W.3d at 15. We then concluded that because Martinez was not informed that he was
a suspect before giving his sworn statement, Article 38.23 required its exclusion. Tex.Code
Crim.Proc.Ann. art. 38.23 (Vernon Pamphlet 2003). Martinez, 92 S.W.3d at 16. The Court of
Criminal Appeals reversed and remanded the cause to this court, finding that when a witness chooses
to answer questions presented by the grand jury, even if those questions are propounded in violation
of Article 20.17, the witness is not at liberty to lie. "A state official's noncompliance with statutory
requirements does not confer a privilege to commit perjury." Martinez, 91 S.W.3d at 340. In
compliance with their mandate, we reverse and remand the cause to the trial court for proceedings
consistent with the directive of the Court of Criminal Appeals.



August 28, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)